Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8858 | **DATE** | 12/29/2011 |
| **CASE TITLE** |  | Randal Harper (#2011-0902112) v. Cook County Jail, et al. | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes the Cook County Jail trust fund account officer to begin making deductions from Plaintiff's fund account in accordance with this order until the entire $350 filing fee is paid. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Defendant Cook County Jail is dismissed as a Defendant. The Clerk is directed to issue summons for Defendant Tom Dart, and the United States Marshals Service is appointed to serve him. Plaintiff's motion for appointment of counsel [#4] is denied.

O **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

  Plaintiff, Randal Harper, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Cook County Sheriff Tom Dart and the Cook County Jail have violated his constitutional rights by subjecting him to unconstitutional conditions of confinement. More specifically, Plaintiff alleges that he is required to pass through a body scanner going to and coming from his work assignment in the kitchens and that since starting this procedure he has developed headaches, body aches, and a rash.

  Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.72. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Defendant Tom Dart for unconstitutional conditions of confinement. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

The Court makes no evaluation of Plaintiff's likelihood of success on the merits of his claim, after a record has been developed, but for purposes of initial review pursuant to 28 U.S.C. § 1915A, Plaintiff has stated a claim against Defendant Dart. However, the Cook County Jail is not a suable entity, and must be dismissed as a Defendant. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).

The Clerk shall issue summons for service of the complaint on Defendant Tom Dart (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. retained only by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff has filed a motion for appointment of counsel. The motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no mental or physical impairment that might preclude him from adequately investigating the facts giving rise to his complaint. Additionally, neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

Further, it should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.